UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE,

           Plaintiff,                        Case No.:

      vs.                                **COMPLAINT**

FOREVER 21 RETAIL, INC. d/b/a FOREVER 21

           Defendants.

------------------------------------------------------------------X

      Plaintiff "JANE DOE," a fictitious name used to protect the Plaintiff's identity due to the factual allegations contained in this Complaint, by and through her attorneys, the law office of AVALLONE & BELLISTRI, LLP, complains of the Defendants FOREVER 21 RETAIL, INC. d/b/a FOREVER 21, and respectfully sets forth and alleges, as follows:

## INTRODUCTION

      1.     This is an action for equitable relief and money damages on behalf of Plaintiff "JANE DOE" (hereinafter referred to as "Plaintiff") who as a result of the actions of Defendant FOREVER 21 RETAIL, INC. d/b/a FOREVER 21, by and through its agents, employees, servants, supervisors, personnel, and contractors, were negligent in the ownership, management, maintenance, supervision, control, operation, and hiring, retention and supervision of personnel at the FOREVER 21 retail clothing store located within the Providence Place Mall, 1 Providence Place, Providence, Rhode Island 02903, more specifically, the employee restroom located on the premises of said FOREVER 21 retail store, thereby causing damages to the Plaintiff. The within action states claims sounding in Negligence and Violation of the Right to Privacy as per Rhode Island, General Laws, Courts and Civil Procedure, § 9-1-28.1 (Right to privacy – Action for

deprivation of right), including violation of Rhode Island, General Laws, Labor and Labor Relations, § 28-6.12-1 (Employee privacy protection), Rhode Island General Laws, Criminal Offenses, § 11-64-2 (Video voyeurism) and § 11-41-26 (Two-way mirrors and video cameras in retail store's dressing rooms prohibited).

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked based upon diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 and that the claims stated herein are valued in excess of $75,000.

## PLAINTIFF

3. Plaintiff is a female citizen of the United States of America, and is over twenty-one (21) years of age. At all relevant times, Plaintiff was a resident of Suffolk County, New York, and was an employee of Defendant FOREVER 21 RETAIL, INC. d/b/a FOREVER 21, working in the FOREVER 21 retail store located in the Providence Place Mall in Providence, Rhode Island from on or about March 2011 to August 2011.

## DEFENDANTS

4. Defendant FOREVER 21 RETAIL, INC. d/b/a FOREVER 21 (hereinafter referred to as "FOREVER 21") was and is a corporation exclusively organized, formed, and existing in the State and under the laws of California, and does and did maintain its principal place of business at its headquarters located at 3880 N. Mission Road, Los Angeles, CA 90031, and at all relevant times was Plaintiff's employer at the FOREVER 21 retail store located in the Providence Place Mall in

Providence, Rhode Island from on or about March 2011 to August 2011, as well as maintaining other diverse retail facilities throughout the United States, including New York.

## FACTUAL ALLEGATIONS

5. At all relevant times herein, Plaintiff was an employee of Defendants from on or about March 2011 to August 2011 at the FOREVER 21 retail store located in the Providence Place Mall, 1 Providence Place, Providence, Rhode Island 02903 (hereinafter, the "store").

6. At the store, Defendant maintained an employee locker room located behind the cash registers. Said employee locker room was designated by Defendant solely for use of store employees. In the employee locker room, Defendant provided lockers for store employees to store their personal items (i.e. purses, bags, clothing, cell phones, etc.) while working.

7. At the store, Defendant maintained an employee *rest*room, a single gender-neutral restroom with sole access through the employee locker room located past the employee lockers.

8. Defendant did not equip the employee locker room with any security system/security features to capture or keep a record of non-store employees and/or other unauthorized persons entering into the area designated as the employee locker room or the employee restroom.

9. At all relevant times herein, Defendant FOREVER 21, its employees, agents, supervisors, servants, personnel, workers, and/or contractors knew or should have known that Plaintiff would utilize the employee restroom while working at the store.

10. At all relevant times herein, Defendant FOREVER 21 owned, operated, controlled, maintained, managed, supervised, and/or was otherwise responsible for the store and its premises located at the Providence Place Mall, 1 Providence Place, Providence, Rhode Island.

11. At all relevant times herein, Defendant FOREVER 21's agents, employees, supervisors, servants, personnel, workers and/or contractors were acting within the course, scope, and authority of Defendant FOREVER 21, and Defendant FOREVER 21, while acting as principal, was negligent, wanton, and reckless in its selection, hiring, training, and supervision of each and every agent, employee, supervisor, servant, worker, and/or contractor, including personnel employed in Defendant FOREVER 21's visual design team as well as personnel whose services were utilized to clean the store.

12. Defendant FOREVER 21 had a duty to govern the policies and practices of the store, including access to and use of the employee restroom by Defendant FOREVER 21's agents, employees, supervisors, servants, workers, and/or contractors.

13. Defendant FOREVER 21, by and through its agents, employees, supervisors, servants, workers, and/or contractors were negligent, wanton, and reckless in the enforcement of any rules, policies, and practices, or the creation of any rules, policies, and practices, regarding the store and the use of and access to the employee restroom.

14. At all relevant times herein, Plaintiff was an employee of Defendant FOREVER 21 at the aforementioned Providence retail store from on or about March 2011 to August 2011, while she was a student at Providence College. As a result, Plaintiff would utilize the employee restroom on a regular basis, with an expectation of privacy.

15. On or about March 2011 to August 2011, without the knowledge and/or consent of Plaintiff, Defendant FOREVER 21 negligently, recklessly, and wantonly allowed a person(s), whose identity is unknown to Plaintiff, to enter the employee locker room and the employee restroom, located in the store, and Defendant negligently, recklessly, and wantonly allowed said person(s) to alter the restroom where the toilet was located, placing a hidden camera in said

restroom unbeknownst to Plaintiff.

16. On or about March 2011 to August 2011, Defendant FOREVER 21 negligently, recklessly, and wantonly allowed the aforementioned individual(s) to surreptitiously film Plaintiff while she was in the restroom, as she was urinating, and in various stages of undress, and exposing her private parts, all without Plaintiff's consent and/or knowledge. This video was ultimately posted online and disseminated on the internet, thereby allowing and permitting the illegal and unauthorized video to be viewed and downloaded worldwide on pornographic, voyeuristic websites.

17. On or about December 9, 2016, Plaintiff became aware for the first time that she had been surreptitiously videotaped while in Defendant FOREVER 21's employee restroom, performing a bodily function, and in different stages of undress, exposing her private parts in clear view of the hidden camera, and that her privacy had been unlawfully invaded.

18. The unknowing and unwelcome filming of Plaintiff while she was in the FOREVER 21 employee restroom, partially undressed, with her genitalia exposed, and the further dissemination of the unauthorized video of Plaintiff in the FOREVER 21 employee restroom to thousands of online viewers on multiple pornographic website platforms has caused, and will continue to cause, great emotional distress and embarrassment to Plaintiff.

19. As a result of the negligent, wanton, and reckless actions of Defendant FOREVER 21, Plaintiff was forced to suffer extreme emotional and attendant physical damages.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON NEGLIGENCE

20. Plaintiff realleges as if fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in the preceding paragraphs of the

Complaint.

21. Defendant, individually, and by and through its agents, employees, supervisors, personnel, servants, and/or contractors, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control and operation of the store, the store's security, store rules, policies, and practices, the hiring, training, and retention of each of its employees, agents, supervisors, personnel, servants and/or contractors.

22. Plaintiff had a reasonable expectation of privacy when entering, remaining, and utilizing Defendant FOREVER 21's employee restroom.

23. Defendant, by and through its agents, employees, supervisors, servants, personnel and/or contractors, were negligent, wanton, and reckless in its acts and/or omissions by, amongst other things, by facilitating conduct of heretofore unknown person(s), by allowing said person(s) to enter the employee locker room and employee restroom without permission, or in the alternative, allowing an employee to enter the restroom and install a hidden video camera, and by failing to discover that its agents, employees, personnel, supervisors, servants, and/or contractors altered the employee restroom, thereby allowing surreptitious and unauthorized videos to be taken of Plaintiff, and other unsuspecting employees, said videos being subsequently distributed worldwide over the internet.

24. As a direct and proximate result of the above-stated conduct of Defendant FOREVER 21, Plaintiff has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses.

25. As a result of the negligent, wanton, and reckless actions of Defendant FOREVER 21, Plaintiff was forced to suffer extreme emotional damages and attendant physical

damages in excess of Two Million ($2,000,000.00) Dollars plus costs, expenses and interest.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON INVASION OF PRIVACY

26. Plaintiff realleges as if fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in the preceding paragraphs of the Complaint.

27. Defendant, individually, and by and through its agents, employees, supervisors, servants, personnel, and/or contractors had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control and operation of the store, the employee locker room and employee restroom maintained and contained therein, including its security system, security procedures, policies, and rules, and each of Defendant's employees, agents, supervisors, servants, personnel, and contractors, all to the benefit of employees, guests, patrons, business invitees and persons like Plaintiff.

28. Plaintiff had a reasonable expectation of privacy when entering Defendant's employee restroom.

29. Defendant, by and through its agents, employees, supervisors, servants, personnel, and/or contractors, were negligent in their acts and/or omissions by, amongst other things, facilitating the conduct of an unknown person(s), by negligently allowing said person(s) to enter and remain in the employee locker room and employee restroom without permission or in the alternative, allowing an employee to enter the restroom and install a hidden video camera, and by failing to discover that one or more of its agents, employees, servants, supervisors, personnel, and/or contractors altered the employee restroom, thereby allowing surreptitious and unauthorized videos to be taken of Plaintiff, and others, said video(s) subsequently being

distributed worldwide over internet porn sites for the purpose of sexual arousal or gratification of viewers.

30. As a result of Defendant's actions, by and through its agents, employees, supervisors, servants, personnel, and/or contractors, violated Rhode Islands' right to privacy laws, including laws prohibiting video voyeurism, specifically but not limited to, Rhode Island, General Laws, Courts and Civil Procedure, § 9-1-28.1 (Right to privacy – Action for deprivation of right), including violations of Rhode Island General Laws, Criminal Offenses, § 11-64-2 (Video voyeurism) and § 11-41-26 (Two-way mirrors and video cameras in retail store's dressing rooms prohibited), et seq., by violating Plaintiff's right to be secure from unreasonable intrusion upon her physical solitude and seclusion in a location where Plaintiff had an expectation of privacy, and an entitlement to privacy, said intrusion constituting an offensive and/or objectionable invasion to any reasonable person by allowing the installation of a hidden video surveillance device to record the intimate and private areas of Plaintiff without her knowledge and consent.

31. In further violation of Rhode Island law, Defendant also violated Plaintiff's right to be secure from an appropriation of her likeness in that the aforementioned act was done without Plaintiff's permission, knowledge, or consent, to the benefit, arousal, and satisfaction of the person(s) who took, published, and disseminated the video taken in Defendant FOREVER 21's employee restroom.

32. In further violation of Rhode Island law, Defendant violated Plaintiff's right to be secure from unreasonable publicity to her private life, insofar as Defendant's negligent, wanton, and reckless acts, and failure to act in light of a clearly established duty, caused the publication of a private fact which is offensive and objectionable to any reasonable person with ordinary sensibilities.

33. As a direct and proximate result of the above-stated conduct of Defendants, Plaintiff was caused to suffer and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, and past and future medical expenses.

34. As a result of the negligent, wanton, and reckless actions of Defendant, Plaintiff was forced to suffer extreme emotional damages and attendant physical damages in excess of Two Million ($2,000,000.00) Dollars plus costs, expenses, and interest.

## JURY TRIAL

35. Plaintiff demands a trial by jury on all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff "JANE DOE" prays that this Honorable Court grant the following relief:

1. Declare that the aforementioned actions of Defendant were negligent and in violation of the State of Rhode Island Laws, Statutes, Codes, and Ordinances, along with all applicable statutes;

2. Declare that the aforementioned actions of Defendant was in violation of Rhode Island, General Laws, Courts and Civil Procedure, § 9-1-28.1 (Right to privacy – Action for deprivation of right), including violations of Rhode Island General Laws, Criminal Offenses, § 11-64-2 (Video voyeurism) and § 11-41-26 (Two-way mirrors and video cameras in retail store's dressing rooms prohibited), et seq.;

3. As and for Plaintiff's First Claim, grant Plaintiff the sum of $2,000,000.00;

4. As and for Plaintiff's Second Claim, grant Plaintiff the sum of $2,000,000.00;

5. Grant Plaintiff all costs for this action, including reasonable attorney's fees and expenses; and

6. Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 28, 2017
      Lake Success, New York

                              Yours, etc.,

                              AVALLONE & BELLISTRI, LLP

                              Attorneys for Plaintiff

                              BY: _____

                              ROCCO G. AVALLONE
                              3000 Marcus Avenue, Suite 3E07
                              Lake Success, New York 11042
                              516-986-2500