UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**JANE DOE,**

                                                                     **CIVIL ACTION NO. :**

          Plaintiffs,

    -against-

**FOREVER 21 RETAIL, INC. d/b/a FOREVER 21**


          Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe (hereinafter, "Plaintiff") hereby moves the Court to proceed anonymously by means of the pseudonym reflected in the caption of this motion, or, in the alternative, to seal this case.

**BACKGROUND**

Plaintiff is one of what she believes to be many women who have been videotaped and sexually harassed by Defendant FOREVER 21 while employed at the Forever 21 retail store located in the Providence Place Mall, 1 Providence Place, Providence, Rhode Island. Compl. ¶ 5. While employed at Forever 21, Plaintiff was videotaped in the employee restroom in stages of undress, before, during and after relieving herself, by Defendant, its employees, agents, supervisors, personnel, servants, and/or contractors. Compl. ¶¶ 6-16. Defendant FOREVER 21 allowed its employees, agents, supervisors, personnel, servants and/or contractors to surreptitiously film Plaintiff while she was in the restroom partially naked. Compl. ¶ 16. On December 9, 2016, Plaintiff became aware for the first time that she had been videotaped while in Defendant's employee

restroom naked and performing a bodily function and exposing her private parts and unlawfully invading her privacy. Compl. ¶ 17. Plaintiff became aware that her right to privacy was invaded by Defendants when she was alerted to the fact that the video was published on multiple pornographic websites, thereby causing her to suffer severe emotional and mental anxiety, distress, embarrassment, and attendant physical damages. Compl. ¶ 18.

Other female employees utilized the same FOREVER 21 employee restroom during the time that Plaintiff worked at Forever 21, and it is reasonable to conclude that other female employees were also surreptitiously filmed in different stages of undress, and published for the world to see on various pornographic websites. Defendants knew or should have known that the restroom is one of the most private areas in any employment location, and that filming in such a location without a female employee's consent would be a total disregard to the right of privacy one has outside of the public area. The unlawful filming of the Plaintiff in the employee restroom would not have been possible, but for the culture fostered by Defendants FOREVER 21 and the Defendant management's indifference to the fate of the women who work there.

## ARGUMENT

It is respectfully submitted that the Court should grant Plaintiff's motion to proceed anonymously, or in the alternative, the Court should seal the record in this matter. Simultaneously with the filing of this motion, Plaintiff has filed a Complaint against Defendant Forever 21 Retail, Inc. d/b/a Forever 21, alleging Negligence and Invasion of Privacy. Plaintiff seeks to proceed anonymously in this litigation to protect herself and her family from further embarrassment and distress and to disassociate herself from the lurid details of the abuse inflicted on her by the Defendants' negligence and violation of her privacy rights. Permitting Plaintiff to proceed anonymously will not prejudice the Defendants, nor is permitting Plaintiff to proceed anonymously detrimental to the public interest. To the contrary, the public interest is better served by an

adjudication of systemic violations of privacy rights at Forever 21 stores tolerated, if not tacitly encouraged, by the Defendants, than by revealing to the public the names of the victim.

### A. Legal Standard

Courts have discretion to allow plaintiffs to proceed anonymously where a plaintiff's need for privacy outweighs the public's interest in knowing her identity and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has articulated a list of factors relevant to this analysis:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 190 (citations omitted).

### B. Factors Weigh Heavily In Plaintiff's Favor

It is respectfully submitted that each of the *Sealed Plaintiff* factors relevant to the instant case (the first, third, fourth, sixth, seventh, eighth, and ninth) weighs heavily in favor of granting Plaintiff's motion to proceed anonymously.

Plaintiff has a compelling interest in not being associated with the videotape taken of her in the Forever 21 employee restroom. *Doe No.2 v. Kolka,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Doe v. Blue Cross & Blue Shield United a/Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious

names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). If Plaintiff is not permitted to proceed anonymously, she faces the possibility of press reports about this case that include her name, and may be forced to relive the details of this matter, not only in the context of this litigation, but every time someone searches her name on the internet. Jane Doe already suffers from, inter alia, post-traumatic stress disorder induced by Defendant's conduct, and disclosure of her identity is likely to exacerbate her symptoms. *Kolka,* 242 F.R.D. at 196-97 (granting plaintiff's request to proceed anonymously where emotional or psychological harm would result from disclosure of plaintiff's identity). It is without a doubt that the instant litigation involves highly sensitive matters of a personal nature. The image of Plaintiff using the FOREVER 21 employee restroom, relieving and wiping herself while in various stages of undress has already been posted on the internet, and it would be unnecessary to have her name associated with said moving image. Disclosure of Plaintiff's identity could potentially lead to future harms, as thousands of individuals have already viewed the unauthorized video of Plaintiff and would now associate her name with the video. Plaintiff is a twenty-seven year old female who was recently married and is looking to start a family. She has the rest of her life ahead of her and she is particularly vulnerable if her name were to be released and associated with the video. Defendant will in no way be prejudiced if Plaintiff were permitted to proceed anonymously. In determining whether defendants will be prejudiced, courts assess the damage to a Defendant's reputation caused by an anonymous proceeding, difficulties in conducting discovery, as well as the fundamental fairness of proceeding in this manner. *See EW v. New York Blood Ctr.,* 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Here, concerns about harm to the reputation of Forever 21 due to an anonymous proceeding do not tip the scales in favor of Defendant. Allowing Plaintiff to proceed anonymously in this action will not increase the potential harm to Forever 21's reputation. *See Doe v. Penzato,* No. CVIO-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) (finding that

there would be no prejudice to defendants in granting plaintiffs motion to proceed anonymously where "Defendants face public exposure regardless of whether Plaintiffs identity is made public, and the allegations against them would remain the same"). Further, since Plaintiff has already made her identity known to Defendant Forever 21, Defendant will not be prejudiced for the purposes of discovery. *See EW,* 213 F.R.D. at 112 (holding that where defendant knew plaintiff's real identity, there was no "prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym"); *see also Kolka,* 242 F.R.D. at 198 (holding that where defendants knew plaintiffs true identity, "[o]ther than the need to make redactions and take measures not to disclose [it], defendants will not be hampered or inconvenienced merely by plaintiffs anonymity in court papers"); *Roe v. Aware Woman Ctr.for Choice, Inc.,* 253 F.3d 678,687 (11th Cir. 2001) ("The only justification the defendants offer for stripping [plaintiff] of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by [plaintiffs] offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. "). Therefore, permitting Plaintiff to proceed anonymously will have no adverse effect on Defendant's ability to litigate this case. If, during the course of the litigation, Defendant is able to show prejudice, the Court can revisit the issue at an appropriate time. *See Doe v. Cabrera,* C.A. No. 14-1005 (RBW), 2014 WL 4656610, at *7-8 (D.D.C. Sept. 10,2014) (holding that it would not be unfair or prejudicial to defendant if plaintiff was permitted to proceed under a pseudonym, but indicating that the court might revisit its decision if the case went to trial). The public has a strong interest in the subject matter of Plaintiff's complaint, but this is nevertheless a case in which the public interest weighs *in favor* of permitting Plaintiff to proceed anonymously. As courts have recognized in similar circumstances, protecting Plaintiff's identities will not impede the public's ability to follow the proceedings. *Doe v. Evans, 202* 173, 176 (E.D. Pa. 2001). Moreover, the public generally has a strong interest in protecting the

identities of victims of voyeuristic sexual crimes.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed anonymously by means of the pseudonym reflected in the caption of this motion. In the alternative, Plaintiff respectfully requests that the Court seal this case.

Dated: November 28, 2017
    Lake Success, New York

                                                Rocco G. Avallone, Esq.